UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREA WALTERS,<br><br>      Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>      Defendant. | CASE NO. C14-1965-BJR-MAT<br><br>REPORT AND RECOMMENDATION RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff Andrea Walters proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be REVERSED and REMANDED for further administrative proceedings.[1]

/ / /

/ / /

---

[1] Although Plaintiff requests oral argument, the Court finds this matter suitable for disposition on the briefing.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 1

## FACTS AND PROCEDURAL HISTORY

Plaintiff was born on XXXX, 1968.[2]  She has two years of college education and most recently worked in customer service, and also volunteered as a paralegal.  (AR 266-67, 284.)

Plaintiff protectively applied for SSI and DIB in February 2011, alleging disability beginning January 1, 1996.  (AR 227-54, 262.)  At the administrative hearing, Plaintiff abandoned her DIB application and amended her alleged onset date for February 24, 2011.[3]  (AR 38-40.)  Her applications were denied at the initial level and on reconsideration, and Plaintiff timely requested a hearing.  (AR 143-149, 152-157, 160-61.)

On February 7, 2013, ALJ Robert P. Kingsley held a hearing, taking testimony from plaintiff and a vocational expert (VE).  (AR 34-81.)  On April 24, 2013, the ALJ issued a decision finding Plaintiff not disabled.  (AR 9-26.)  Plaintiff timely appealed.  The Appeals Council denied Plaintiff's request for review on October 28, 2014 (AR 1-5), making the ALJ's decision the final decision of the Commissioner.  Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision under 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must

---

[2] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

[3] The ALJ's decision does not reflect this.  (*See* AR 10-12, 17 (discussing Plaintiff's DIB application and the impact of her date last insured).)  Plaintiff's briefing makes clear that she intended to abandon her DIB claim. Dkt. 19 at 2 (referring to her hearing amendment that led to this becoming an "SSI only" case).

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 2

be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since the original alleged onset date. (AR 12.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's post-traumatic stress disorder, fibromyalgia, left upper extremity injury, right upper extremity brachial plexus injury, and cervical spine degenerative disc disease. (AR 12-13.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 13-16.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that she can occasionally climb ladders, ropes, and scaffolds. She can frequently climb ramps and stairs, and frequently knee, crouch, and crawl. She must avoid concentrated exposure to extreme cold, vibration, airborne pollutants, and hazards. She is able to perform simple, routine tasks. (AR 16-24.)

The ALJ found that Plaintiff had no past relevant work, and thus proceeded to step five of the sequential evaluation, where the burden shifts to the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a VE, the ALJ found Plaintiff capable of performing other jobs, such as mail clerk; cleaner, housekeeping; bakery worker; addresser; ampoule sealer; and bench hand. (AR 24-25.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a

whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred by (1) failing to include depression and rheumatoid arthritis (RA) as a severe impairment at step two, and in failing to appreciate the medical evidence and opinions related to RA; (2) discounting an opinion provided by consultative psychologist Enid Griffin, Psy.D.; (3) discounting Plaintiff's credibility; (4) discounting lay witness statements; and (5) failing to meet the burden of proof at step five.[4] The Commissioner argues the ALJ's decision is supported by substantial evidence and should be affirmed.

<u>Step Two & Medical Opinion Evidence</u>

Plaintiff assigns error to the ALJ's failure to include depression and RA as severe impairments at step two. The ALJ's decision explains why he did not include depression, and indicates that he nonetheless "considered all mental health symptoms found in the record, regardless of diagnosis." (AR 13.) The ALJ's decision does not mention RA at all.

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987) and 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§

---

[4] Because the Court recommends reversing and remanding this case for further proceedings based on the ALJ's assessment of the medical evidence at step two and beyond, and errors in the lay witness statements, the Court need not address the arguments regarding step five.

404.1521(b), 416.921(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting Social Security Ruling 85-28, 1985 WL 56856, at *3 (Jan. 1, 1985)). An ALJ's erroneous exclusion of an impairment at step two can be harmless if the ALJ considered the limitations caused by that impairment when assessing the claimant's RFC. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

The ALJ's indication that all mental health symptoms were considered, regardless of diagnosis, renders harmless any error in the exclusion of depression at step two. (AR 13.) Plaintiff has not shown that any depression-related symptoms were overlooked, and thus has not established harmful error as to depression.

The ALJ's error as to RA is not harmless, however. Contrary to the Commissioner's brief, the record contains multiple references to RA diagnoses and treatments prescribed by an acceptable medical source. (AR 641, 734, 736-37, 739.) "Other" medical sources also provided RA treatment. (AR 828, 831, 833-36.) The medical records document stiff, swollen, tender, and/or red joints in multiple regions of Plaintiff's body. (*See, e.g.*, AR 649, 654, 656, 827-28, 833, 841.) Plaintiff's primary care physician opined that RA, along with other diagnoses, caused severe limitations. (AR 641-43.)

The Commissioner argues that other portions of the record do not mention joint pain, swelling, or any RA-related symptom, and thus the ALJ did not need to discuss RA. Dkt. 24 at 5. The Commissioner has failed to establish that the references to RA constitute evidence that is neither significant nor probative, however, and thus does not persuasively show that the ALJ did not err in failing to discuss RA at step two. On remand, the ALJ shall specifically address RA at

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 5

step two and, if necessary, consider the impact of that condition on Plaintiff's RFC.

The ALJ's failure to acknowledge Plaintiff's RA also impacted his assessment of some of the medical opinion evidence, to the degree that certain providers opined that Plaintiff's RA caused various limitations. (*See, e.g.*, AR 641-43 (opinion of treating physician Mary Ballard, M.D.), 807-08 (opinion of treating nurse Teresa Marshall, ARNP).) The ALJ discounted these opinions as inconsistent with treatment notes and examination reports (AR 21 (citing AR 438)), but failed to acknowledge the many treatment notes and examination reports that corroborate the providers' opinions regarding joint pain. (*See, e.g.*, AR 445 (mentioning positive fibromyalgia trigger points), 447 (same), 450 (same), 453 (referencing "[p]ain on palpation on right calf lower portion, pain on standing, plantar flexion"), 456 (same), 470 (referencing "[r]ight thumb tender to palpation at base of thenar eminence. Stiffness and pain of bilateral hands.").) Because the ALJ did not discuss RA treatment, it is not clear that he accurately perceived the nature of the treatment record. On remand, the ALJ shall reconsider the medical opinions of Dr. Ballard and Ms. Marshall.[5]

Plaintiff also assigns error to the ALJ's assessment of Dr. Griffin's opinion. (AR 609-12.) The ALJ gave some weight to Dr. Griffin's opinion, crediting the portion of her opinion that found Plaintiff capable of performing simple or more complex tasks, but finding her opinion that Plaintiff could not work until her mental health symptoms decreased to be inconsistent with

---

[5] Plaintiff's brief mentions the fact that the ALJ's decision addresses but does not assign a particular weight to a treatment note of Laurence Ready, M.D. Dkt. 19 at 10-11 (referencing AR 623-30). She does not identify any error in the ALJ's treatment of Dr. Ready's treatment note, and because the note contains no opinion as to functional limitations (but only summarizes treatment options), it is not necessarily inconsistent with the ALJ's RFC assessment and therefore its probative value need not be explicitly weighed. *See, e.g., Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (ALJ not required to provide clear and convincing reasons to reject physician's statement when statement did not assess any limitations).

the record and based on Plaintiff's non-credible self-report. (AR 22.) Plaintiff disputes whether the evidence cited as inconsistent with Dr. Griffin's opinion is actually inconsistent, but does not challenge the ALJ's finding that Dr. Griffin's opinion relied on Plaintiff's non-credible self-report. Dkt. 19 at 12. Dr. Griffin cited no evidence to support her conclusion that Plaintiff could not work until her mental health symptoms decreased, and her report consists primarily of Plaintiff's self-reported history and description of symptoms. (AR 609-11 (noting that "*All information is what the client reported.*" (emphasis in original)).) Because the ALJ properly discounted Plaintiff's credibility, as discussed *infra*, the ALJ was entitled to discount Dr. Griffin's opinion to the extent it relied upon Plaintiff's self-reporting. *See Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

## Credibility

The ALJ discounted Plaintiff's credibility due to (1) inconsistent medical evidence, (2) inconsistent activities (including exercise and a boating event in 2009), and (3) evidence of pain embellishment. (AR 16-20.) An ALJ's reasons for discounting a claimant's testimony must be clear and convincing. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

As discussed above, the ALJ's decision does not reflect an acknowledgment of Plaintiff's RA condition and treatment, and thus it is not clear that he accurately perceived the medical record. Furthermore, a significant portion of the medical evidence addressed by the ALJ pre-dates Plaintiff's amended alleged onset of disability, and thus does not undermine her allegation that she was disabled as of February 24, 2011. (AR 17-18.) Thus, the ALJ's discussion of the medical evidence as a credibility factor is tainted by his erroneous failure to address RA as well as his failure to acknowledge the amendment of the onset date.

The activities cited by the ALJ also fail to amount to a clear and convincing reason to

discount Plaintiff's credibility. (AR 20 (citing AR 436 (noting Plaintiff's ability to use a rowing machine for 15 minutes twice a day every other day), 541 (describing Plaintiff's pain after a boating accident in September 2009), 611 (describing Plaintiff's ability to practice yoga and walk an unspecified distance).)  The ALJ states that these activities are inconsistent with Plaintiff's allegations of "debilitating numbness and pain" (AR 20), but does not cite any specific inconsistencies between Plaintiff's allegations and these activities.  Plaintiff alleged that she could walk, but needed to walk slowly. (AR 292.)  She testified at the hearing that her numbness "comes and goes" and can be relieved by changing positions. (AR 54.)  The record contains no description of the boating activities that led to Plaintiff's injury. (AR 541.)  Because the ALJ did not explain how the cited activities contradict Plaintiff's activities, this reason is not clear and convincing.

These errors are harmless, however, in light of the ALJ's citation to evidence suggesting that Plaintiff exaggerated her pain complaints. (AR 19 (citing AR 624).)  Plaintiff emphasizes that the doctor who noted the positive Waddell's signs, and indicated the possibility that "an element of pain embellishment is a part of this patient's clinical picture[,]" also clarified that "[i]t is not implied this would be intentional on the part of the patient." (AR 624-25.)  Whether the exaggeration is intentional is not particularly relevant, because any exaggeration undermines the reliability of Plaintiff's allegations.  *See*, *e.g.*, *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).  Because the ALJ's adverse credibility determination is supported by this valid reason, the ALJ's errors as to the other reasons provided are harmless.  *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

Lay Evidence

Plaintiff argues that the ALJ erred in discounting the statements provided by lay

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 8

witnesses. (AR 361-72.) An ALJ's reasons to discount lay statements must be germane. *Smolen*, 80 F.3d at 1288-89. The Court will address the individual statements in turn.

A.  Kimberley Fortner

Ms. Fortner stated that Plaintiff experiences hand pain, has difficulty reaching for items, and has difficulty driving due to pain. (AR 361.) The ALJ found Ms. Fortner's statement to be uncorroborated in the medical record. (AR 23.) This reason is problematic because, as explained earlier, the ALJ's discussion of the medical record ignores Plaintiff's RA diagnosis and treatment. The ALJ does not identify any particular medical evidence that contradicts Ms. Fortner's statement, and relies only on his earlier, incomplete summary of the medical record. Thus, on remand, the ALJ shall reconsider Ms. Fortner's statement in light of the entire medical record.

B.  Teresa Okwu

Ms. Okwu's statement confirms Plaintiff's legal situation and her residence at a battered women's shelter. (AR 364.) The letter contains no opinion regarding Plaintiff's functional limitations, and the ALJ found that it was not probative evidence as to Plaintiff's ability to work. (AR 23.) This is a germane reason to discount Ms. Okwu's letter, and the ALJ did not err.

C.  Lori E. Carter

Ms. Carter is a longtime friend of Plaintiff's, and wrote a letter describing how Plaintiff's functioning has decreased over the years. (AR 369.) Ms. Carter wrote that Plaintiff "now has to wear a hard neck brace to protect her neck just to clean the house" and "literally relies on her two boys to do the most basic household tasks." (*Id*.) The ALJ found these statements in particular to be inconsistent with the remainder of the record, which did not mention Plaintiff's use of a neck brace to perform household chores, and instead references Plaintiff's ability to perform her

own light chores. (AR 23 (citing AR 611).) Inconsistency with the record is a germane reason to discount a lay statement, and the ALJ did not err. *See Lewis v. Apfel*, 236 F.3d 503, 511-12 (9th Cir. 2001).

D.  Thomas Millard

Mr. Millard was a neighbor of Plaintiff's, and described her limitations as to stamina and strength. (AR 372.) Specifically, he said that she "goes without food or drinks, making other choices because she can't open things." (*Id*.) The ALJ found this statement to be inconsistent with Plaintiff's self-reported ability to prepare meals for her children, paint and garden. (AR 23-24.) Mr. Millard also indicated that Plaintiff cannot carry anything, use the computer for more than 10 minutes, drive 30-40 minutes, or attend church regularly. (AR 372.) The ALJ found these allegations to be inconsistent with Plaintiff's self-reported ability to garden, work with clay, practice yoga, exercise three times a week on a rowing machine, and go boating. (AR 24.) The ALJ cited activities that are inconsistent with Mr. Millard's statement, and this is a germane reason to discount his statement. *See Lewis*, 236 F.3d at 511-12. The ALJ did not err in discounting Mr. Millard's statement.

## CONCLUSION

For the reasons set forth above, the Court recommends this matter should be REVERSED and REMANDED for further administrative proceedings. On remand, the ALJ should address Plaintiff's RA at step two and consider the impact of RA-related medical evidence in evaluating the opinions of Dr. Ballard and Ms. Marshall. The ALJ should also reconsider Ms. Fortner's lay statement.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and

served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 25, 2015**.

DATED this <u>8th</u> day of September, 2015.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 11